■ RONSON ART METAL WORKS, INC., Appellant-Respondent, v. GIBSON LIGHTER MFG. CO. et al., Defendants, and GEORGE J. MANNE, Doing Business as GIBSON LIGHTER MFG. CO., et al., Respondents-Appellants.— Motion for resettlement or reargument denied, with $10 costs. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ. [See *ante,* p. 227.]

■ RONSON ART METAL WORKS, INC., Appellant-Respondent, v. GIBSON LIGHTER MFG. CO. et al., Defendants, and GEORGE J. MANNE, Doing Business as GIBSON LIGHTER MFG. CO., et al., Respondents-Appellants. — Motion for reargument denied, with $10 costs. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ. [See *ante,* p. 227.]

■ In the Matter of the Estate of JACOB P. GALEWITZ, Deceased. HANNAH GALEWITZ, Appellant; SAMUEL GALEWITZ et al., Respondents.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Concur — Breitel, J. P., Botein, Valente and McNally, JJ. [See *ante,* p. 736.]

■ CHARLES BREWSTER v. CITY OF NEW YORK. — Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Peck, P. J., Breitel, Frank, McNally and Bergan, JJ. [See *ante,* p. 740.]

■ In the Matter of TROPHY HANDBAGS, INC., Respondent, against CRAFT INDUSTRIAL CASE CORP., Defendant, and JOSEPH J. ANDREWS, Appellant. — Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Concur — Peck, P. J., Breitel, Botein, Rabin and Frank, JJ. [See *ante,* p. 733.]

■ In the Matter of MICHAEL D. MAZZEO et al., Appellants, against JOSEPH SCHECHTER et al., Constituting the Department of Personnel, Civil Service Commission, City of New York, Respondents.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Concur — Botein, J. P., Rabin, Frank, Valente and McNally, JJ. [See *ante,* p. 708.]

■ BENJAMIN GOLDFARB, Respondent, v. EDWARD J. MALLIN et al., Appellants, and Third-Party Plaintiff. WARNER-HENICK FURNITURE CORP., Third-Party Defendant-Respondent.— Motion for reargument denied, with $10 costs. Concur — Peck, P. J., Rabin, Frank, McNally and Bergan, JJ. [See *ante,* p. 735.]

## (April 30, 1957)

■ MERCANTILE EXCHANGE LEASING CORPORATION, Appellant-Respondent, v. ASTOR-BROADWAY HOLDING CORP., Respondent-Appellant.— The deposit, which is the subject of the second cause of action of the complaint, falls within the category of money "deposited or advanced on a contract for the use or rental of real property as security for performance of the contract" and defendant was obliged, upon receipt of the deposit to hold it in accordance with the mandate of section 233 of the Real Property Law. The commingling of the money deposited with its own funds was a conversion entitling plaintiff to recover the amount of the deposit. Plaintiff's motion for partial summary judgment on the second cause of action should have been granted, and the action severed as to such partial summary judgment. We cannot agree, however, with plaintiff's argument that establishing its right to recover the deposit under the second cause of action defeats defendant's claim of breach of contract on plaintiff's part in failing to perform its obligations under paragraph 40 of the lease. Defendant may amend its answer to plead a counterclaim for the alleged violation on plaintiff's part of paragraph 40 of